# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| THEODORE J. THOMPSON, | ) |
| Plaintiff, | ) Case No. 2:07-cv-01378-RLH-PAL |
| vs. | ) **ORDER** |
| UNIVERSITY MEDICAL CENTER, et al., | ) (Mtn to Compel - Dkt. #91) |
| Defendants. | ) |

This matter is before the court on Defendant Miriam Marvasti, M.D.'s Renewal of Motion to Compel Answers to Defendant's Written Interrogatories and Request to Produce and/or Motion to Dismiss for Plaintiff's Failure to Completely Comply With Court's Order on Motion to Compel (Dkt. #91) filed May 26, 2010. No response to the Motion was filed, and the time for filing one has now run.

Plaintiff Theodore J. Thompson ("Plaintiff" or "Thompson") is proceeding in this action *pro se* and *in forma pauperis*. Plaintiff's Second Amended Complaint asserts various claims, including a claim under 42 U.S.C. § 1983 that Defendants violated his constitutional rights under the First and Fourteenth Amendments by denying him adequate medical care by releasing him from University Medical Center on October 1, 2006 and pendent state law claims for professional negligence, negligent infliction of emotional distress, and intentional infliction of emotional distress. Defendant Miriam Marvasti, M.D. ("Defendant" or "Marvasti") served written discovery on Thompson on October 8, 2009–including requests for admission, request for production of documents, and interrogatories. Thompson did not respond. On February 3, 2010, counsel for Marvasti spoke with Thompson via telephone, and Thompson agreed to provide written responses on or before February 19, 2010.

Thompson failed to provide responses by the February 19th deadline, and counsel for Dr. Marvasti filed a Motion to Compel (Dkt. #84) on March 3, 2010. Plaintiff did not file a response or

1  opposition to the motion, and the court granted the motion on March 29, 2010, and directed Thompson
2  to respond to Dr. Marvasti's discovery requests on or before April 29, 2010.  *See* Order, Dkt. #90.  The
3  court warned Plaintiff that failure to comply would result in a recommendation to the district judge that
4  this case be dismissed for failure to engage in discovery, failure to comply with the court's Order (Dkt.
5  #90), and failure to prosecute.  *Id.*

6  Dr. Marvasti asserts in the Renewed Motion to Compel (Dkt. #91) that on April 27 and April
7  28, 2010, counsel received Thompson's partial responses to the discovery requests.  Thompson
8  completely answered only seven of the twenty-eight interrogatories and six of the twenty-three requests
9  for production of documents; he objected to the remainder.  Marvasti asserts Thompson's objections are
10 waived by his failure to timely respond, and more than 196 days have passed since Thompson was
11 originally served with Marvasti's discovery requests on October 8, 2009.  Marvasti requests Plaintiff be
12 compelled to fully respond to the written discovery requests.  Alternatively, Marvasti asserts that
13 Plaintiff's Second Amended Complaint should be dismissed for failure to comply with the court's
14 Order (Dkt. #89), failure to engage in discovery, and failure to prosecute.

15 Rule 37 of the Federal Rules of Civil Procedure provides that "A party seeking discovery may
16 move for an order compelling an answer . . . if a party fails to answer an interrogatory . . . or a party
17 fails to respond [to a request for production of documents]."  Fed.R.Civ.P. 37(a)(2)(B)(iii), (iv).
18 Thompson has not filed a response to the Renewed Motion to Compel.  Local Rule 7-2(d) provides that
19 "The failure of an opposing party to file points and authority in response to any motion shall constitute
20 a consent to the granting of the motion."  *Id.*

21 However, Local Rule 26-7(b) provides that "[d]iscovery motions will not be considered unless a
22 statement of moving counsel is attached thereto certifying that, after *personal consultation* and sincere
23 effort to do so, counsel have been unable to resolve the matter without court action."  *Id.* (emphasis
24 added).  Here, no such certification has been made by Dr. Marvasti's counsel, nor does it appear any
25 sincere effort was made to resolve this dispute short of filing the renewed motion to compel.  Counsel
26 attached a letter sent to Thompson *on the same day the Renewed Motion to Compel was filed.*  It does
27 not appear from the face of the Renewed Motion that counsel attempted to contact Thompson to resolve
28 / / /

2

1   the discovery issues.  Sending a letter on the same day a motion to compel is filed is insufficient to
2   satisfy the meet and confer requirement of Local Rule 26-7.
3       Moreover, the court's Order (Dkt. #90) compelling Plaintiff to respond to Dr. Marvasti's written
4   discovery requests stated, "Plaintiff shall respond to Defendant Marvasti's Request for Production of
5   Documents and Interrogatories." *Id.* at 2:10-12.  The court did not require Thompson respond without
6   objection to the discovery requests.  Rule 33(B)(4), however, provides that any "ground for objecting to
7   an interrogatory must be stated with specificity," and "[a]ny ground not stated in a timely objection is
8   waived unless the court, for good cause, excuses the failure." *Id.*  Rather than deny the Renewed
9   Motion to Compel (Dkt. #91) based upon Marvasti's non-compliance with Local Rule 26-7, the court
10  will excuse Plaintiff's failure to timely object and will review his responses and objections.

11      **Interrogatory No. 3** seeks information concerning Plaintiff's criminal history.  Plaintiff asserts
12  this question seeks irrelevant information.  Plaintiff's criminal history is relevant as potential
13  impeachment evidence, and Plaintiff must respond.

14      **Interrogatory No. 4** seeks information concerning benefits Plaintiff received prior to his
15  admission to UMC on September 26, 2010.  Plaintiff has responded that he has received SSI payments
16  since 1995 from the Social Security Administration.  Plaintiff must respond to the remainder of the
17  interrogatory, specifically providing the reason he receives SSI benefit (i.e., the nature of his disability)
18  and the amount of his monthly payments.

19      **Interrogatory No. 5** requests a statement of facts, from Plaintiff's perspective, regarding his
20  claims against Dr. Marvasti.  Defendant Marvasti is entitled to know the facts which support Plaintiff's
21  theory of the case, and Plaintiff must respond to this interrogatory.

22      **Interrogatory No. 6** requests information concerning Dr. Marvasti's conduct which caused
23  "each injury listed in response to these interrogatories."   Defendant has not stated to which
24  Interrogatory this question relates.  Plaintiff's objection is well-taken, and Plaintiff need not respond to
25  this ambiguous interrogatory.

26      **Interrogatory No. 7** seeks information concerning the policies, custom, or standard Plaintiff
27  alleges Dr. Marvasti violated.  Plaintiff must respond.  If Plaintiff does not know, Plaintiff need only
28  state that in response.

1 **Interrogatory No. 8** seeks information concerning the injuries Plaintiff suffered because of Dr. Marvasti.  Plaintiff must respond to this interrogatory.  The interrogatory also requests Plaintiff list all "injuries, symptoms, or ailments [Plaintiff] had at any time" prior to the incident at issue in the Second Amended Complaint.  This request has no temporal limitation and is overly broad, and Plaintiff need not respond to the second part of this Interrogatory.

**Interrogarory No. 9** seeks information concerning the injuries Plaintiff suffered after his discharge from UMC and what action(s) Plaintiff took to seek medical care.  Plaintiff must respond to this interrogatory.

**Interrogatory No. 10** seeks information concerning which physicians, hospitals, psychiatrists, or psychologists from whom Plaintiff sought care after his discharge from UMC.  Plaintiff must respond to this interrogatory.

**Interrogatory No. 11** seeks information about every health care provider Plaintiff saw in the five years prior to this lawsuit.  This interrogatory is overly broad because it is not tailored to the allegations contained in the Second Amended Complaint.  Plaintiff need only provide the names and dates for any mental health-related care he received in the three years preceding this lawsuit.

**Interrogatory No. 12** seeks information concerning whether Plaintiff still suffers any problems from his discharge from UMC.  Plaintiff must respond to this interrogatory.

**Interrogatory No. 16 and No. 17** requests information about any accident Plaintiff suffered in the seven years prior to his admission to UMC and any accident suffered since his discharge, respectively.  Plaintiff asserts these interrogatories seek irrelevant information.  Defendant asserts that information about any accident Plaintiff suffered is relevant to his condition when admitted to UMC.  Interrogatory No. 16 is overbroad.  Plaintiff need only provide information concerning any accidents and injuries suffered three years prior to September 26, 2006.  Interrogatory No. 17 is duplicative of Interrogatory No. 9, and Plaintiff is not required to respond to No. 17.

**Interrogatory No. 18, No. 19., and No. 20** request information concerning any expert witness Plaintiff intends to call. Plaintiff asserts he cannot answer that question because he intends to find an attorney to represent him at trial. If Plaintiff has an expert he expects to testify at trial, Plaintiff will be required to disclose the information required by Rule 26(a)(2)(B) by the deadline established in the

1  court's discovery plan and scheduling order, or he will be precluded from calling any expert he does not
2  designate in compliance with the rule at trial.
3  **Interrogatory No. 21** seeks information concerning any previous lawsuits Plaintiff has filed.
4  This interrogatory is overly broad, and Plaintiff is not required to respond.
5  **Interrogatory No. 23**, **No. 24, and No. 25** seek information concerning witnesses Plaintiff
6  intends to call at trial or a hearing in this case.  Plaintiff must answer these Interrogatories.
7  Plaintiff objects to **Interrogatories No. 26-28** because they exceed the number of
8  interrogatories permitted by Rule 33 of the Federal Rules of Civil Procedure.  Plaintiff is correct, and he
9  need not respond to these interrogatories.
10  **Request for Production of Documents** ("RPD") request certain documents in Plaintiff's
11  possession.  To the extent that the court finds Plaintiff is required to respond, Plaintiff shall identify the
12  documents in his possession that are responsive to the request and make them available to Defendant
13  Marvasti for inspection and copying. If Plaintiff has no responsive documents in his possession, he need
14  only say so in the response(s).
15  **RPD No. 5** seeks documents that Plaintiff intends to use to rebut or impeach testimony given in
16  Dr. Marvasti's defense at trial.  Rule 26(a)(1)(A)(ii) specifically exempts documents from disclosure
17  that would be used "solely for impeachment."  *Id.*  Plaintiff need not respond.
18  **RPD No. 7** seeks documents relating to previous lawsuits filed by Plaintiff since 1999.  This
19  RPD is overly broad.  Plaintiff need not respond.
20  **RPD No. 9** requests documents related to Plaintiff's medical expenses and/or damages incurred
21  as a result of the incidents alleged in the complaint.  Plaintiff must respond.
22  **RPD No. 12** requests documents depicting the injuries Plaintiff suffered before, during, and
23  after the incidents alleged in the Complaint.  Plaintiff must respond.
24  **RPD No. 13** requests medical documents in Plaintiff's possession related to the malpractice
25  alleged in the Second Amended Complaint.  Plaintiff must respond.
26  **RPD No. 14** requests any demonstrative evidence Plaintiff intends to introduce at trial.
27  Although Plaintiff will be required to disclose this information in the proposed joint pretrial order,
28  Plaintiff need not respond to this discovery request.

1    **RPD No. 15** requests any documents given to Plaintiff by any doctors or practitioners involved
2    in this case.  Plaintiff must respond.
3    **RPD No. 16** requests any documents read or relied upon for guidance regarding the medical
4    treatment Plaintiff received.  Plaintiff must respond.
5    **RPD No. 17** requests correspondence between Plaintiff and any of the doctors involved in this
6    case.  Plaintiff must respond.
7    **RPD No. 18** requests telephone bills showing calls made to any doctors in this case.  Plaintiff
8    must respond.
9    **RPD No. 19, No. 20, and No. 21** requests any report prepared by any expert witness, any
10   documents relied on by an expert, and any curriculum vitae of any investigator or expert.  Plaintiff will
11   be required to disclose the information required by Rule 26(a)(2)(B) by the deadline established in the
12   court's discovery plan and scheduling order,  or he will be precluded from calling any expert he does
13   not designate in compliance with the rule at trial.
14   Plaintiff signed authorizations regarding **RPD Nos. 24-27**, which permit Defendant to obtain
15   medical records, psychiatric records, insurance documents, and employment records.  However,
16   Plaintiff did not have the authorizations notarized.  Plaintiff shall resubmit notarized authorizations to
17   Defendant Marvasti at Defendant's expense.
18   Lastly, Thompson has not apprised the court of his current address in violation of LSR 2-2,
19   which provides, "The plaintiff shall immediately file with the court written notification of any change
20   of address. . . . Failure to comply with this rule may result in dismissal of the action with prejudice." *Id.*
21   On December 7, 2009, Plaintiff filed a Motion for Leave of the Court [for a Stay] for Personal Reasons
22   (Dkt. #85).  Plaintiff advised the court that he was being released from prison and planned to visit
23   family for several months before establishing a permanent residence in southern California.  He asked
24   that the case be stayed until March 6, 2010.  In an Order (Dkt. #88) entered January 12, 2010, the
25   district judge granted the motion and stayed the case until March 6, 2010.  Plaintiff has not complied
26   with LSR 2-2 because he has not provided the court with his current address.  However, it appears
27   Thompson has kept defense counsel apprised of his new address because both the Renewed Motion to
28   Compel (Dkt. #91) and the letter were sent to Plaintiff's new Oxnard, California address.  The court

will direct the Clerk of Court to update Thompson's address on the court's docket.

Having reviewed and considered the matter,

**IT IS ORDERED:**

1. Marvasti's Renewed Motion to Compel/Motion to Dismiss (Dkt. #91) is GRANTED IN PART AND DENIED IN PART consistent with the foregoing.  Plaintiff is compelled to respond to the discovery requests outlined above on or before **August 26, 2010.**

2. Failure to comply with this order will result in a recommendation to the district judge for sanctions, including case-dispositive sanctions.

3. The Clerk of Court shall update Plaintiff's address on the docket sheet as follows:

Theordore J. Thompson
2081 N. Oxnard Blvd., #123
Oxnard, CA 93036

Dated this 26th day of July, 2009.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE